UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,      :

    v.      :   **MEMORANDUM AND ORDER**
     :   14-CR-553-3 (WFK)
JOSEPH PENA,      :

          Defendant.      :
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On April 29, 2015, Defendant Joseph Pena ("Defendant") pled guilty to Brandishing a Firearm During a Crime of Violence. ECF No. 37 ("Guilty Plea"). The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c).

## BACKGROUND

On October 15, 2014, Defendant was charged by an Indictment with Hobbs Act Robbery Conspiracy under 18 U.S.C. §§ 1951(a), 2, and 3551 *et seq.* ("Count One"); Hobbs Act Robbery under 18 U.S.C. §§ 1951(a), 2, and 3551 *et seq.* ("Count Two"); and Brandishing of a Firearm During a Crime of Violence under 18 U.S.C. §§ 924(c)(1)(A)(ii), 2, and 3551 *et seq.* ("Count Three"). ECF No. 16 ("Indictment") at 1-2. On April 29, 2015, Defendant pled guilty to Count Three of the Indictment. *See* Guilty Plea at 1.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the Section 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. When the District Court chooses to impose a sentence outside of the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . .

1

the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under [Section] 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks and citation omitted). 18 U.S.C. § 3553(a) provides a list of reasons for the Court to consider in choosing what sentence to impose on a criminal defendant.

The Court addresses each of the 18 U.S.C. § 3553(a) factors in turn.

## II. Analysis

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first 18 U.S.C. § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the [D]efendant." 18 U.S.C. § 3553(a)(1). Based on these factors, a significant sentence is justified.

#### a. History and Characteristics of Defendant

Defendant was born on November 8, 1992, in New York, New York. ECF No. 41 ("PSR") ¶ 25. He maintains a good relationship with his parents, three siblings, girlfriend of nine years, and three-year old son. *Id.* ¶¶ 25-26, 38. Defendant dropped out of high school in the tenth grade, but he eventually obtained a General Education Development (G.E.D.) certificate and completed one semester at ASA College in Brooklyn, New York. *Id.* ¶¶ 36-38.

He reported to Pretrial Services that he smokes a cigar filled with marijuana every other day. *Id.* ¶ 34.

Defendant first committed armed robbery when he was eighteen years old. On March 1, 2011, Defendant and Lorenzo McAllister, a co-defendant in this case, robbed a convenience store in Queens, New York. *Id.* ¶ 16. As the two defendants entered the store, McAllister pointed a gun at the store clerk and said that he would shoot the clerk if the clerk did not give the defendants cash from the cash register and cartons of cigarettes. *Id.* Police officers subsequently identified Defendant and McAllister as the robbers from video surveillance footage produced by the store clerk. *Id.* Defendant was arrested and charged with one count of Robbery in the First Degree and one count of Robbery in the Second Degree. *Id.* On January 25, 2013, he was convicted of Robbery in the Second Degree as a youthful offender and sentenced in New York State Supreme Court to five years of probation. *Id.*

On August 21, 2014, at age twenty-one, Defendant was arrested following an incident of domestic violence. *Id.* ¶ 21. Defendant and his girlfriend allegedly began arguing about a financial issue, at which point Defendant pulled his girlfriend by the hair and dragged her down a flight of stairs, causing lacerations to her right wrist and left arm. *Id.* Defendant also allegedly choked his girlfriend around the neck with both of his hands. *Id.* On November 14, 2014, a temporary order of protection was issued in Queens County Criminal Court against Defendant. *Id.* Defendant has been charged with one count of Assault in the Third Degree and one count of Harassment in the Second Degree, both of which are pending final disposition. *Id.*

### b. Nature and Circumstances of the Offense

In the instant case, Defendant was involved in the armed robbery of a 7-Eleven convenience store in Flushing, New York with co-defendants Arthur Lilly and Lorenzo

McAllister. *Id.* ¶ 3. On September 16, 2014, the three defendants, wearing hooded sweatshirts and obscuring their faces with masks and bandanas, entered the 7-Eleven and confronted a customer and store clerk. *Id.* One of the defendants brandished a loaded Mossberg 500A pistol grip pump-action 12-gauge shotgun. *Id.* The three defendants stole the customer's identification card and cell phone at gunpoint, then forced the store clerk to open the cash register and give them its contents, amounting to $304.00. *Id.* They also stole an unspecified number of lottery tickets and the store owner's Coach purse containing an identification card, two credit cards, and $102.00 in cash. *Id.* After the defendants fled the scene in a car, their victims called 911 and reported the incident. *Id.* ¶ 4.

New York City Police Department ("N.Y.P.D.") officers responded to the 911 call and attempted to stop the defendants' car, which matched the description provided by the victims. *Id.* The defendants refused to pull over and led the police on a high-speed chase, weaving in and out of traffic at speeds approaching one-hundred and twenty miles per hour. *Id.* During the chase, one of the defendants threw the Coach purse out of the window of their car. *Id.* The chase lasted twenty minutes, ending only when the defendants crashed their car into the façade of a grocery store. *Id.* As the defendants exited the vehicle, it burst into flames. *Id.* They attempted to run, but were promptly apprehended by the police and arrested. *Id.* Officers recovered the Mossberg shotgun and stolen lottery tickets from the wreckage of the car. *Id.* ¶ 5. The grocery store into which the defendants crashed sustained $35,946.72 worth of damage. *Id.* ¶ 7.

### 2. The Need for the Sentence Imposed

The second 18 U.S.C. § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court addresses each subsection in turn.

### a. Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment

The Court finds that a significant sentence is necessary to accomplish the purposes of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Defendant's crime is serious: the brandishing of a loaded shotgun in the course of a robbery, placing two innocent lives in jeopardy. *See Enmund v. Florida*, 458 U.S. 782, 797 (1982) ("We have no doubt that robbery is a serious crime deserving serious punishment."). Furthermore, Defendant recklessly endangered the lives of countless innocent civilian bystanders and police officers by leading the N.Y.P.D. on a high-speed car chase through city streets. When Defendant and his co-defendants ultimately crashed their vehicle into a grocery store, they placed customers' lives at risk and caused tens of thousands of dollars of damage. Defendant's sentence will satisfy the intent of Congress under 18 U.S.C. §924(c) to impose "an enhanced punishment" for crimes of violence "committed by the use of a deadly or dangerous weapon." *United States v. Overstreet*, 40 F.3d 1090, 1094 (10th Cir. 1994), *cert. denied* 514 U.S. 1113 (1995).

### b. Affording Adequate Deterrence to Criminal Conduct

"Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." *Davis*, 2010 WL 1221709, at *2. The Court finds that a significant sentence of incarceration is necessary to afford adequate deterrence, both specific and general, to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B).

Regarding specific deterrence, Defendant is a repeat offender. He was sentenced to five years of probation for his first armed robbery, and yet he seemed to learn nothing, teaming up with the same co-defendant to rob another store at gunpoint. Defendant's decision to commit the same crime three years after his first conviction suggests that probation was not a sufficient deterrent for him. The proper deterrent is a lengthy period of incapacitation. *See United States v. Park*, 758 F.3d 193, 201 (2d Cir. 2014) (noting particular need for incapacitation and specific deterrence given defendant's continued criminal activity after prior convictions). Regarding general deterrence, a significant sentence will send a clear message that aspiring criminals should leave their firearms at home or risk a substantially longer period of incarceration than they would otherwise face.

### c. Protecting the Public from Further Crimes of the Defendant

Defendant personifies an ongoing danger to the public. He chose to twice commit the same dangerous crime with the same co-defendant, and the only means by which the Court may protect the public from Defendant's continued pursuit of criminal activity is to incarcerate him for a significant period of time.

### d. Providing Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Defendant does not require additional educational or vocational training, medical care, or other correctional treatment. Accordingly, this factor is not relevant.

### 3. The Kinds of Sentences Available

The third 18 U.S.C. § 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Brandishing a Firearm During a Crime of Violence under 18 U.S.C. § 924(c). *See* Guilty Plea at 1. This count carries a mandatory minimum imprisonment term of seven years and a maximum imprisonment term of life. 18 U.S.C. § 924(c)(1)(A)(ii). This count also carries a maximum supervised release period of five years. 18 U.S.C. § 3583(b)(1). Defendant is statutorily ineligible for probation. 18 U.S.C. § 924(c)(1)(D). Defendant faces a maximum fine of $250,000.00, 18 U.S.C. § 3571(b), and a mandatory special assessment of $100.00, 18 U.S.C. § 3013. Restitution is required in the total amount of $60,534.38, which includes $35,946.72 owed to the grocery store's insurance company, $304.00 owed to one Nilam Patel, $500.00 owed to one Margaret Middleton, and $23,783.66 owed to MAPFRE Insurance Company of New York. 18 U.S.C. § 3663; ECF No. 75 ("Addendum to PSR") at 1. Accordingly, the Court's sentence falls within the kinds of sentences available to Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth 18 U.S.C. § 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for [] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

Pursuant to Guideline 2K2.4(b), Defendant's guideline sentence is the minimum term of imprisonment required by statute, seven years, to run consecutively to any other term of imprisonment. U.S. Sentencing Guidelines Manual § 2K2.4(b) (U.S. Sentencing Comm'n 2015) ("U.S.S.G."). Defendant is eligible for a supervised release term of two to five years. *Id.* § 5D1.2(a)(1). The guidelines do not suggest a fine for this offense.

### 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth 18 U.S.C. § 3553(a) factor requires the Court to evaluate "any pertinent policy statement [] issued by the Sentencing Commission[.]" 18 U.S.C. § 3553(a)(5). There are no policy statements pertinent to Defendant's particular situation, and therefore this factor is not relevant.

### 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth 18 U.S.C. § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant pled guilty to Brandishing a Firearm During a Crime of Violence, which carries a maximum term of life imprisonment. *See* Guilty Plea at 1; 18 U.S.C. § 924(c). A sentence of up to life imprisonment is thus not beyond the pale for Defendant's crime, and avoids disparities with other federal sentences which recognize the severity of such a crime.

In addition, "[t]he New York state statute, while not directly applicable, provides a useful indication of how this crime would be treated" under state law. *United States v. Ferranti*, 928 F. Supp. 206, 214 (E.D.N.Y. 1996) (Weinstein, J.). The New York state analog to Defendant's crime is Criminal Use of a Firearm in the First Degree, which carries a sentence of five years of imprisonment to run consecutively to any other term of imprisonment. *See* New York Penal Law § 265.09. Accordingly, a substantial prison sentence would not create a disparity with New York State sentences for similar defendants.

### 7. The Need to Provide Restitution

Lastly, the seventh 18 U.S.C. § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is mandatory in Defendant's case; he is jointly and severally liable with his co-defendants for a total of $35,946.72 to AmTrust Financial Services, Inc.; $304.00 to Nilam Patel; $500.00 to Margaret Middleton; and $23,783.66 to MAPFRE Insurance Company of New York. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

## CONCLUSION

A sentence of eighty-four (84) months of incarceration, to be followed by five (5) years of supervised release, with restitution in the amount of $60,534.38 and the $100.00 mandatory assessment fee, is sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the Addendum to the Presentence Investigation Report, and imposes the special conditions of release proposed by the Probation Department as modified by the Order of this Court.

**SO ORDERED.**

s/WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2016
      Brooklyn, New York